UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAWN SIMMONS ET AL** | **CASE NO.  6:23-CV-00058 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **G E I C O INSURANCE CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

REPORT AND RECOMMENDATION

Now before this Court is Plaintiffs' recent MOTION FOR RECONSIDERATION AND OBJECTIONS TO MAGISTRATE JUDGE RULING and incorporated MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDING PETITIONS.[1]  (Rec. Doc. 58).  Plaintiffs' motions are timely opposed by defendant Brotherhood Mutual Insurance Company ("Brotherhood").[2]  (*See*, Rec. Docs. 59, 60).  The instant motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636.  After review of the record, including the instant motions and all attendant briefs, it is hereby recommended that Plaintiffs' Motion for Reconsideration and Motion for Leave be DENIED in all respects.

Plaintiffs' motion first requests reconsideration of this Court's prior Order denying leave to amend to add claims against Brotherhood for bad faith under La. R.S. 22:1892 and La. R.S. 22:1973 and denying expansion of the discovery deadlines in this case.  (Rec. Doc. 51).  Plaintiffs' motion also attaches proposed amended complaints and seeks leave to file those amended complaints.[3]  (*See*, Rec. Docs. 58-4, -5).

---

[1]    Plaintiffs' reference to "Supplemental and Amending Petitions" appears to be a typographical error which should be read to refer to Supplemental and Amending Complaints in the instant federal civil action.  Fed. R. Civ. P. 3.

[2]    Pursuant to the Notice of Motion Setting issued as to Plaintiffs' instant motion, any reply brief in further support of their motion should have been filed on or before September 10, 2024.  As of the date of this Report and Recommendation, no reply brief has been filed.  (*See*, Rec. Doc. 60).

[3]    Plaintiffs' proposed filings are styled as "First Supplemental and Amending Petition for Damages[.]"  (*See*, Rec. Docs. 58-4, -5).  This Court again notes that these proposed pleadings should be styled as complaints pursuant to Rules 3 and 15.

Motions for reconsideration are not formally recognized with the Federal Rules of Civil Procedure but are customarily considered under Federal Rules of Civil Procedure 59(b), 59(e) or 60(b*). St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). As Plaintiffs seek relief from this Court's prior Order denying leave to amend and extension of discovery deadlines, Plaintiffs' motion is properly considered under Rule 60(b). Pursuant to Rule 60(b), relief from a prior order of a court may be granted on the grounds such as mistake, discovery of new evidence, or fraud. Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances. *In re Vioxx Products Liability Litigation*, 509 Fed. Appx. 383, 386 (5th Cir. 2013).

Plaintiffs fail to address the relevant standards under Rule 60(b) and cite no mistake, newly discovered evidence, fraud, or other grounds enumerated within subsections (1) through (5) of the rule. Thus, the undersigned views the instant motion as one advanced under subsection (6), which is a "residual…catch-all" provision requiring the movant to show that this Court's prior order was "manifestly unjust." *Id.*, citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Review of Plaintiffs' motion reveals no arguments alleging manifest injustice, but rather, a rehash of Plaintiffs' arguments previously considered by this Court. A motion pursuant to Rule 60(b) which fails to address the statutory bases for relief under that rule and merely restates arguments included in the original motion fails to present an adequate basis for the extraordinary relief sought. *Alfred v. Allen Correctional Ctr.*, 317 F. App'x 420, 421 (5th Cir. 2009); *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007). Accordingly, the undersigned will recommend that Plaintiffs' instant motion for reconsideration be denied in all respects.[4]

---

[4] To the extent that Plaintiffs request oral argument on their motions, such relief should also be denied if the Court denies the motions substantively. (*See*, Rec. Doc. 58-3).

2

## Conclusion

For the reasons discussed herein, this Court recommends that Plaintiffs' Motion for Reconsideration and Motion for Leave to File Supplemental and Amending Petitions be **DENIED** in all respects. (Rec. Doc. 58).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. USAA*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 13th day of September, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**