UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DAWN SIMMONS, ET AL.**                                    **CASE NO. 6:23-CV-00058 LEAD**

**VERSUS**                                                              **JUDGE ROBERT R. SUMMERHAYS**

**GEICO INSURANCE CO., ET AL.**                    **MAGISTRATE JUDGE DAVID J. AYO**

## ORDER and REASONS

On August 19, 2024, Magistrate Judge Ayo issued a Ruling denying Plaintiffs' Motion to Extend the Deadlines for Amendment of Pleadings and Discovery.[1] Pursuant to their motion, Plaintiffs sought a 45-day extension in order to amend the Complaint to add claims against Defendant Brotherhood Mutual Insurance Company for bad faith failure to timely adjust claims and in order to take the Rule 30(b)(6) deposition of Defendant's corporate representative.[2] The Magistrate Judge found good cause did not exist for modification of the scheduling order, in large part because trial was scheduled to commence on December 2, 2024.[3] On August 30, 2024, Plaintiffs filed a Motion for Reconsideration of Judge Ayo's Ruling, as well as a Motion for Leave to File a Supplemental and Amending Complaint.[4] On September 13, 2024, Judge Ayo issued a Report and Recommendation ("R&R"), wherein he recommends the motions be denied.[5] Plaintiffs have filed objections to the R&R, and

---

[1] ECF No. 51. At the time Plaintiffs filed their motion, the deadline for amendment of pleadings had passed, but the deadline for completion of discovery had not passed.
[2] Brotherhood Mutual Insurance Company is the sole remaining Defendant in this case.
[3] ECF No. 51 at 3-4.
[4] ECF No. 58.
[5] ECF No. 64.

Defendant has filed its response thereto.[6] For the reasons that follow, the Court DECLINES to adopt the R&R.

The Magistrate Judge recommends that the Motion for Reconsideration be denied because Plaintiffs failed to address the relevant standards under Rule 60(b).[7] However, Plaintiffs' Motion for Reconsideration is governed by Rule 54(b), rather than Rule 60(b). Whereas Rule 60(b) governs motions for relief from a "final judgment, order, or proceeding,"[8] Rule 54(b) "allows parties to seek reconsideration of interlocutory orders."[9] Interlocutory orders—*i.e.*, those that do not adjudicate all claims or the rights and liabilities of all parties—"may be revised at any time" before entry of final judgment.[10] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient. . . ."[11] Because this matter was recently continued without date,[12] the Court finds the factors for granting leave under Rule 16(b) have shifted in favor of Plaintiff.[13] Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [ECF No. 58] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave [ECF No. 58] is GRANTED, and the Clerk of Court shall file the proposed pleadings [ECF Nos. 58-4 and 58-5] into the record.

---

[6] ECF Nos. 66, 67.
[7] ECF No. 64 at 2.
[8] FED. R. CIV. P. 60(b).
[9] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[10] FED. R. CIV. P. 54(b).
[11] *Austin* at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).
[12] *See* ECF No. 70.
[13] *See* ECF No. 51 at 3-4.

IT IS FURTHER ORDERED that the discovery deadline is EXTENDED to December 9, 2024.

THUS DONE in Chambers on this 23rd day of October, 2024.

                                      ROBERT R. SUMMERHAYS
                                  UNITED STATES DISTRICT JUDGE